**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Interest of Zahi H., a Juvenile Under the Age of Seventeen, Appellant.

Appellate Case No. 2018-000218

---

Appeal From Chester County
Coreen B. Khoury, Family Court Judge

---

Unpublished Opinion No. 2021-UP-063
Submitted January 1, 2021 – Filed March 10, 2021

---

**AFFIRMED**

---

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

---

**PER CURIAM:** Zahi H. appeals his adjudication of delinquency for third-degree assault with intent to commit criminal sexual conduct (CSC) and his sentence mandating probation until his eighteenth birthday or completion of outpatient therapy and house arrest with electronic monitoring. On appeal, he argues the family court erred in (1) refusing to adjudicate him of the lesser included offenses of assault and battery of a high and aggravated nature (ABHAN) and first-degree

assault and battery and (2) adjudicating him delinquent of an offense requiring him to register as a lifetime sex offender. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The family court did not err in adjudicating Zahi H. delinquent of third-degree assault with intent to commit CSC instead of ABHAN or first-degree assault and battery. Our supreme court has held that ABHAN and first-degree assault and battery are not lesser included offenses of CSC crimes. *See State v. Hernandez*, 428 S.C. 257, 259-61, 834 S.E.2d 462, 463-64 (2019) (explaining that when the legislature codified "all degrees of assault and battery crimes," those offenses—which included ABHAN and first-degree assault and battery—were no longer considered lesser-included offenses of CSC). Further, the evidence presented at trial supports an adjudication of delinquency on the charge of third-degree assault with intent to commit CSC. The victim testified Zahi H. entered the locker room while she was showering and changing and pushed her against the lockers while masturbating. We find this is sufficient evidence to support an adjudication of delinquency of third-degree assault with intent to commit CSC. *See In the Interest of Jamal G.*, 396 S.C. 158, 162-63, 720 S.E.2d 62, 64 (Ct. App. 2011) (stating in an appeal from a family court delinquency proceeding, an appellate court reviews errors of law only); *In the Interest of Doe*, 318 S.C. 527, 534, 458 S.E.2d 556, 561 (Ct. App. 1995) (concluding an appellate court must affirm an "adjudication of delinquency unless it is unsupported by evidence"); S.C. Code Ann. § 16-3-654(1)(a) (2015) ("A person is guilty of [CSC] in the third degree if the actor engages in sexual battery with the victim and if . . . [t]he actor uses force or coercion to accomplish the sexual battery in the absence of aggravating circumstances."); S.C. Code Ann. § 16-3-656 (2015) ("Assault with intent to commit [CSC] . . . shall be punishable as if the [CSC] was committed.").

2. The family court did not err in adjudicating Zahi H. delinquent of third-degree assault with intent to commit CSC, which requires him to register as lifetime sex offender, because the evidence presented at trial supported such an adjudication. Because the victim testified Zahi H. entered the locker room while she was showering and changing and pushed her against the lockers while masturbating, we find there is sufficient evidence to support an adjudication of delinquency of third-degree assault with intent to commit CSC. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *In the Interest of Doe*, 318 S.C. at 534, 458 S.E.2d at 561 (concluding an appellate court must affirm an "adjudication of delinquency unless it is unsupported by evidence"); § 16-3-654(1)(a) ("A person is guilty of [CSC] in the third degree if the actor engages in sexual battery with the victim and

if . . . [t]he actor uses force or coercion to accomplish the sexual battery in the absence of aggravating circumstances."); § 16-3-656 ("Assault with intent to commit [CSC] . . . shall be punishable as if the criminal sexual conduct was committed.").  Further, our supreme court has held that the statutory scheme addressing mandatory lifetime registration on the sex offender registry applies to juveniles as well as to adults.  *See* S.C. Code Ann. § 23-3-430(A), (C)(9) (2007 & Supp. 2020) ("Any person, *regardless of age*, residing in the State of South Carolina who in this State has been . . . adjudicated delinquent for . . . [assault with intent to commit CSC] . . . shall be required to register pursuant to the provisions of this article." (emphasis added)); *In the Interest of Justin B.*, 419 S.C. 575, 585, 799 S.E.2d 675, 680 (2017) ("The Legislature['s intent] that [sex offender] registration . . . would apply to juveniles . . . is evident by the plain language of Sex Offender Registry Act, which includes the phrases '[a]ny person, regardless of age' and 'adjudicated delinquent' . . . ." (quoting § 23-3-430(A)). Thus, we find the family court did not err in adjudicating Zahi H. delinquent of an offense requiring him to register as a lifetime sex offender.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.